## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| (1) UNITED STATES for the use and benefit of NABHOLZ CONSTRUCTION CORPORATION a/k/a NABHOLZ INDUSTRIAL SERVICES, an Arkansas corporation, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| (1) PARAMOUNT CONSTRUCTION, GROUP, LLC, a Mississippi limited liability company; and | ) ) ) ) | |
| (2) WESTERN SURETY COMPANY, a South Dakota corporation | ) ) ) | |
| Defendants. | ) ) | |

## <u>COMPLAINT</u>

Plaintiff, The United States of America, for the use and benefit of Nabholz Construction Corporation a/k/a Nabholz Industrial Services ("Nabholz"), for its complaint against defendants, Paramount Construction Group, LLC ("PCG"), and Western Surety Company ("Western Surety"), alleges as follows:

1. Nabholz is an Arkansas corporation with its principal place of business in Faulkner County, State of Arkansas. Nabholz is a permanent resident and citizen of the State of Arkansas.

2. PCG is a Mississippi limited liability company with its principal place of business in Madison County, Mississippi. PCG is believed to be a permanent resident and citizen of the State of Mississippi.

1

3. Western Surety is a South Dakota corporation with its principal place of business in Cook County, South Dakota. Western Surety is authorized to issue contract surety bonds in the State of Tennessee.

4. This is an action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1332 (a)(1), 40 U.S.C. §3131, and 40 U.S.C. §3133(b)(3)(B) (referred to herein as the "Miller Act") and pursuant to 40 U.S.C. § 3131(3). Nabholz has legal standing to bring this action under the Miller Act.

6. This Court has supplemental jurisdiction over Nabholz's state law claims pursuant to 28 U.S.C. §1367(a).

7. Nabholz's claims arise out of and relate to a construction project at the Nashville, Tennessee campus of the Tennessee Valley Healthcare System ("TVHS").

8. Venue is proper in this judicial district pursuant to 40 U.S.C. §3133(b)(3)(B) and 28 U.S.C. §1391(b)(2).

**<u>FACTUAL ALLEGATIONS</u>**

9. Effective February 17, 2023, the U.S. Department of Veterans Affairs ("DVA") executed a written contract with PCG in connection with a construction project at TVHS known as, "Replace Chiller #1." ("Chiller #1 Project"). The Chiller #1 Project involved replacing existing Chiller #1 in Building 1 at TVHS, with a new, 1,300-ton chiller unit provided by DVA. Western Surety issued Miller Act payment and performance bonds on behalf of PCG. The bonds are in the penal sum of $827,325.00.

2

10. On May 10, 2023, PCG executed a written subcontract with Williams Mechanical, LLC ("Williams"), to perform work at the Chiller #1 Project.

11. On February 7, 2024, DVA and PCG subsequently executed a second written contract to remove and replace Chiller #2 at TVHS ("Chiller #2 Project"). The Chiller #2 Project involved replacing existing Chiller #2 in Building 1 at TVHS with a new, 1,300-ton chiller unit provided by DVA. Western Surety issued Miller Act payment and performance bonds on behalf of PCG. The bonds are in the penal sum of $948,081.00.

12. On March 25, 2024, PCG and Williams executed a second, written subcontract to perform work at the Chiller #2 Project.

13. Williams subcontracted with Nabholz to set Chiller #1 and Chiller #2.

14. Two separate incidents occurred in June and July 2024 that allegedly caused or contributed to damage to Chiller #2, then Chiller #1. DVA directed PCG to replace Chiller #1 and Chiller #2. PCG conveyed DVA's directive to Williams and Nabholz. DVA also directed PCG to maintain temporary chillers at the Project. PCG conveyed DVA's directive to Williams and Nabholz. Williams and Nabholz complied with the directives under protest.

15. On April 30, 2025, Williams completed the installation of new Chiller #2. DVA then directed PCG to remove the temporary chillers. PCG conveyed DVA's directive to Williams and Nabholz, which complied with the directive and removed the temporary chillers. Nabholz last supplied labor, materials and equipment on May 27, 2025.

16. Nabholz has fully performed its contractual obligations to Williams and PCG.

17. Nabholz has an implied contractual relationship directly with PCG. More than 90 days have passed since Nabholz last supplied labor, materials and equipment to the Project. Any conditions precedent to the filing of this action have been fully satisfied, waived, or PCG and Western Surety are estopped to deny compliance with those conditions.

## COUNT I – BREACH OF IMPLIED CONTRACT/QUASI-CONTRACT

18. Nabholz incorporates and re-alleges all paragraphs herein.

19. PCG gave directives and instructions to Nabholz with the understanding and expectation that Nabholz would comply with them.

20. Nabholz provided labor, materials and equipment to the Project with a reasonable expectation of receiving payment or compensation.

21. PCG knowingly accepted the benefit of the labor, materials and equipment furnished by Nabholz.

22. PCG has failed and refused to pay Nabholz, thereby breaching its implied contract with Nabholz.

23. As a direct result of PCG's breach of its implied contract with Nabholz, Nabholz has been damaged in a principal amount in excess of $75,000.00, exclusive of interest and costs. In addition, Nabholz is entitled to interest, costs, and a reasonable attorneys' fee.

## COUNT II – QUANTUM MERUIT

24. Nabholz incorporates and re-alleges all paragraphs herein.

25. Nabholz provided valuable labor, materials and equipment to the Project.

26. The labor, materials and equipment were rendered directly to or for PCG's benefit.

27. PCG accepted, used, and enjoyed the benefits provided by Nabholz.

28. PCG had reasonable notice that Nabholz expected to be compensated for the labor, materials and equipment before providing and/or continuing to furnish them.

29. PCG has failed and refused to pay Nabholz.

30. As a direct result of PCG's failure to pay for the labor, materials and equipment furnished by Nabholz, Nabholz has been damaged in a principal amount in excess of $75,000.00, exclusive of interest and costs. In addition, Nabholz is entitled to interest, costs, and a reasonable attorneys' fee.

## COUNT III – MILLER ACT

31. Nabholz incorporates and re-alleges all paragraphs herein.

32. PCG, as principal, and Western Surety, as surety, executed the Miller Act payment bonds referenced in Paragraphs 9 and 11, above, for the benefit of persons, such as Nabholz, furnishing labor, equipment and/or materials to the Chiller #1 Project and Chiller #2 Project.

33. The labor, equipment and materials furnished by Nabholz were used and consumed at the Chiller #1 Project and Chiller #2 Project.

34. More than 90 days have passed since Nabholz last supplied labor, materials and equipment to the Project. Any conditions precedent to the filing of this action have been fully satisfied, waived, or PCG and Western Surety are estopped to deny compliance with those conditions.

5

35. Nabholz last furnished labor, equipment, and materials to the bonded projects within one year preceding the date of filing of this action. This action is timely brought under the Miller Act.

36. PCG, as principal, and Western Surety, as surety, are jointly and severally liable to Nabholz under the Miller Act payment bonds for all sums owed to Nabholz by PCG, in a principal amount of $75,000.00, exclusive of interest and costs. Nabholz is entitled to judgment against PCG and Western Surety, jointly and severally, on its Miller Act claim in a principal amount in excess of $75,000.00, together with interest, costs, and a reasonable attorneys' fee.

WHEREFORE, PREMISES CONSIDERED, the plaintiff, The United States of America, for the use and benefit of Nabholz Construction Corporation a/k/a Nabholz Industrial Services, demands relief as follows:

A. Judgment against PCG on Nabholz's breach of implied contract/quasi-contract claim in a principal amount in excess of $75,000.00, together with interest, costs, and a reasonable attorneys' fee.

B. Judgment against PCG on Nabholz's quantum meruit claim in a principal amount in excess of $75,000.00, together with interest, costs, and a reasonable attorneys' fee.

C. Judgment against PCG and Western Surety, jointly and severally, on Nabholz's Miller Act claim in a principal amount in excess of $75,000.00, together with interest, costs, and a reasonable attorneys' fee.

D.     That Nabholz be awarded such other relief, both general and specific, to which it may be entitled.

Respectfully submitted this 27th day of May, 2026.

EVANS PETREE PC

/s/ Regan S. Steepleton
Joseph T. Getz (TN Bar No. 010964)
Regan S. Steepleton (TN Bar No. 036933)
Evans Petree PC
1715 Aaron Brenner Drive, Suite 800
Memphis, Tennessee 38120
(901) 525-6781
jgetz@evanspetree.com
rsteepleton@evanspetree.com
*Attorneys for Plaintiff*

7